### MORRIS CONGDON *vs.* FREDERICK PERRY & wife.

Money paid on an oral agreement for the purchase of land cannot be recovered back if the party who received it is ready and able to perform the contract on his part.

ACTION OF CONTRACT for work and labor. Answer, that they were performed under an oral agreement that they should be applied in part payment for a lot of land which the defendants had agreed to convey to the plaintiff, and that the defendants had always been ready and willing to comply with their agreement. Trial in the court of common pleas in Berkshire, before *Mellen,* C. J., who instructed the jury that upon the facts found by an auditor to whom the case had been referred, (the substance of which is stated in the opinion,) the defendants were entitled to a verdict. A verdict was returned accordingly, and the plaintiff alleged exceptions, which were argued at Lenox at September term 1858.

*J. Price,* for the plaintiff.

*J. E. Field,* for the defendants.

DEWEY, J.   It was held by the court, after full consideration of the question, in the case of *Coughlin* v. *Knowles,* 7 Met. 57, that an oral contract for the sale of land is not utterly void by the statute of frauds, and that a party who advances money on such contract cannot recover it back if the other party is able and willing to fulfil the contract on his part.   The application of this rule of law to the facts in the present case, will require us to enter judgment for the defendants.   The services of the plaintiff, for which he now seeks to recover, were in part performed before the making of the contract for the purchase of land of the defendants, and in part afterwards.   We must assume that all the work done after the making of that contract was to be applied to the payment for the land.   The auditor finds that the plaintiff so stated, while he was performing the work.   The case stands thus: The plaintiff had a demand against the defendants for services performed, payable in cash, and for which he might have enforced payment.   Having such a demand, he made an oral contract with the defendants to purchase a parcel of real estate for the price of $300, and agreed at once to apply towards payment of the same the amount of the defendants' debt to him, and to pay the remainder in future personal labor.   This arrangement discharged the demand for previous labor, as it was received as so much cash paid towards the land. The plaintiff could no more reclaim it upon his own failure to entitle himself to a conveyance of the land, than he could a like sum in bank bills which he had paid the defendants.   It was voluntarily thus applied, and would have enured to the benefit of the plaintiff but for his own subsequent default.   Had the defendants been in default, or failed to perform their part of the contract, the plaintiff might, upon such failure, have recovered compensation for all the services he had performed.   But while thus ready and able to make the conveyance of the land as stipulated on their part, the other party cannot compel them to refund payments made upon such oral contract for the purchase of land.                                   *Exceptions overruled.*